IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Criminal No. 7:09-CR-157-F-1
Civil No. 7:12-CV-27-F

| | | |
|---|---|---|
| LARAY COPELAND, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

This matter is before the court on Laray Copeland's Corrected Motion to Vacate, Set Aside or Correct his sentence [DE-195] pursuant to 28 U.S.C. § 2255, on grounds that he is entitled to relief as a result of the Fourth Circuit Court of Appeals' ruling in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Copeland contends that he improperly was characterized as a career offender at sentencing because his "criminal record includes three felonies, only one of which involved a sentence in excess of 12 months." Corrected Motion [DE-195], p. 5 at ¶ 12(a).[1] Copeland, whose advisory Sentencing Guideline range was 262 to 327 months, received a sentence of 197 months, based on motions filed at his sentencing. His sentence, therefore, was below the statutory 20-year mandatory minimum term of imprisonment, based on the Government's § 851 information alleging one prior qualifying felony conviction.

---

[1] In fact, Copeland's record contained in the uncontested Presentence Report (PSR) lists five prior felony convictions, but only one clearly would qualify, after Simmons, as a career offender predicate. The others were not punishable by more than one year imprisonment. Copeland's prior state felon-in-possession conviction for which he received a 15 to 18-month active sentence did not qualify as a "crime of violence" under USSG § 4B1.1, as defined in § 4B1.2, comment. (n. 1) ("crime of violence" does not include the offense of unlawful possession of a firearm by a felon[.]") See also United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992).

The Government has filed a motion to dismiss [DE-201], supported by a memorandum [DE-202], on grounds that Copeland waived his right to seek collateral relief as a term of his plea agreement [DE-114]. The Government also suggests Copeland's motion is untimely, but the Government's own memorandum reveals that the § 2255 motion was filed within one year of his conviction having become final.[2]

The court has reviewed the parties' motions and supported documentation, and concludes that Copeland's § 2255 motion must be denied because he waived his right to seek such relief as one of the conditions contained in his Memorandum of Plea Agreement. Although enforcement of that waiver provision is discretionary for the Government, in this case the Government has chosen to assert it. Because the court found Copeland's guilty plea to have been freely and voluntarily entered and not the product of any frce or coercion or promise not identified in the plea agreement, Copeland is bound by that the terms of that agreement.

Accordingly, for the foregoing reasons, the Government's motion to dismiss [DE-201] is ALLOWED. It further is ORDERED that Copeland's § 2255 motion [DE-192/-195] seeking relief from his conviction and sentence in the instant case on <u>Simmons</u> grounds is DISMISSED.

The court further concludes that Copeland has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

---

[2] As the Government notes, Copeland's conviction became final on March 8, 2011. <u>See</u> Government's Memo [DE-202], p. 2. Copeland's § 2255 motion, deemed filed on February 3, 2012, <u>see</u> [DE-192], and amended by a corrected motion on February 7, 2012, <u>see</u> [DE-195], was filed within one year of March 8, 2011. <u>See</u> 28 U.S.C. § 2255(f)(1).

SO ORDERED.

This, the 9th day of October, 2012.

                                              JAMES C. FOX
                                              Senior United States District Judge

3

Case 7:09-cr-00157-F   Document 213   Filed 10/09/12   Page 3 of 3